KOEHLER et al. v. WILSON.

(Supreme Court, Appellate Division, First Department.   May 12, 1911.)

FACTORS (§ 42*)—ACCOUNTING—COMPLAINT.

A complaint against a factor, to compel an accounting, alleged that he had been informed of an agreement between plaintiffs K. and S., settling litigation between them, and that he understood that the factory would operate, and that shipments would come to him as usual; that he would continue to deliver rubber on existing contracts or new sales, and make collections as before, but would keep separate accounts of subsequent shipments and of sales and collections thereof; that he would, as previously, turn over to the company such part of the collections as was required for certain specified purposes; and that any surplus he would hold for further instructions from K. and S. jointly. The complaint further alleged that "pursuant to such agreement" plaintiffs caused rubber to be shipped to defendant which he sold, and the proceeds of which he received, but for which he refused to account. Held, that the complaint was bad for failure to show a promise to account to plaintiffs for the proceeds of sales, or that plaintiffs were the owners of the rubber shipped, or that there was any surplus after making the payments contemplated,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or, if there was, that plaintiffs were entitled to it, though the complaint alleged the conclusion that defendant bound himself by his letter to account to plaintiffs for the proceeds of sales.

[Ed. Note.—For other cases, see Factors, Dec. Dig. § 42.*]

Appeal from Special Term, New York County.

Action by Otto Koehler and another against Charles T. Wilson. From a judgment overruling demurrer to defendant's defenses and counterclaim, plaintiffs appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Oscar B. Bergstrom, for appellants.

Clarence E. Thornall, for respondent.

MILLER, J. On the theory that bad defenses are good enough for a bad complaint, the defendant meets the demurrer by attacking the complaint. Counsel for the plaintiff contends that the action is the ordinary one of consignor against a factor, to recover the proceeds received by the latter from the sale of merchandise shipped to him by the plaintiffs. But an inspection of the complaint shows that the plaintiffs were not content with pleading that cause of action. They first set out in hæc verba two letters, written by the defendant, in which he signed himself "Chas. T. Wilson, Sales Agent, The Texas Rubber Co., Marathon, Texas," and addressed to the attorney of the plaintiff, Koehler, and a letter written by the latter to the defendant in reply. In the first of these letters the defendant referred to the fact that he had been informed by the plaintiff Stayton of a litigation between the latter and the plaintiff Koehler, and of an understanding which they had reached, and to his understanding "that the factory will operate as usual and shipments will come forward to me as heretofore." He said that he would continue to deliver rubber on existing contracts or for new sales, make collections as theretofore, but from that date would keep separate accounts of rubber thereafter shipped and of sales and collections thereof. He concluded that letter as follows:

"I will, as heretofore, turn over to the company such part of the amounts so collected as are necessary for conducting the gathering of shrub, manufacture, shipment and sale of rubber; payment of current bills, and of bond interest, and any surplus, I will hold until further instructions from Mr. Koehler and Mr. Stayton jointly."

It is unnecessary to refer to the second letter, as it did not substantially modify the first. In reply the said plaintiffs' attorney said that the defendant's statement was satisfactory, except with respect to certain details concerning which he desired to confer with said Stayton and with respect to certain other matters about which he desired to be further advised. It is stated as a conclusion from the said correspondence that the defendant thereby became liable and obligated himself to receive such rubber as might be shipped under said communications, to sell the same under existing contracts and at the market price, and to account to the plaintiffs for the proceeds thereof. But the letters themselves do not justify that conclusion. They contain internal evi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dence that the defendant was the sales agent of the Texas Rubber Company. His promise was that, after making certain remittances to the "company" (obviously meaning the Texas Rubber Company), he would hold any surplus until further instructions from the plaintiffs, not that he would account to them for the proceeds of the sales. It is next alleged "that in pursuance of said agreement" (i. e., the agreement evidenced by said letters) "the plaintiffs shipped and caused to be shipped, to the defendant," certain rubber, that the defendant received and sold the same, and received the proceeds thereof, but refused to account to the plaintiffs or to pay over said proceeds to them. That is to say, the plaintiffs caused the rubber to be shipped to the defendant, pursuant to the agreement that he was to make certain remittances from the proceeds to the Texas Rubber Company and to hold any surplus until further instructions from the plaintiffs.

For all that appears from the complaint, the defendant has complied strictly with his alleged agreement. It is nowhere alleged that the plaintiffs were the owners of the rubber. An express averment to that effect might ordinarily be unnecessary; but in this case the plaintiff has pleaded his evidence and attempted to draw conclusions therefrom, and the evidence does not justify the conclusions. The complaint merely shows that the defendant, styling himself the sales agent of the Texas Rubber Company, merely agreed to continue receiving and selling rubber, to make certain remittances to the Texas Rubber Company, and to hold the surplus until further instructions from the plaintiffs, and according to that agreement the rubber was shipped. There is nothing to show either that there was any surplus, or that the plaintiffs would be entitled to it, even if there was a surplus.

The interlocutory judgment should be affirmed, with costs. All concur.